KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California State Bar No. 246653
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5956
Facsimile: (619) 235-2757
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR RAMIREZ-QUEBEDO,<br><br>Defendant. | Case No. 08mj2189<br><br>**MOTION TO PRODUCE AND TO COMPEL VOICE EXEMPLAR AND HAIRCUT, FOR LINEUP IDENTIFICATION** |

The plaintiff, United States of America, hereby files, by and through its counsel, Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, its Motion to Produce the defendant, Salvador Ramirez-Quebedo ("Ramirez"), on Monday, July 28, 2008, for the purpose of appearing in a lineup, and to compel him to submit to a voice examplar during his appearance therein, and to a short haircut prior to that time. This Motion is based upon the files and records of the case,

together with the attached statement of facts and memorandum of points and authorities.

**I.**

Ramirez was arrested on June 11 two miles west of the San Ysidro Port of Entry and approximately 100 yards north of the border. He was charged by Complaint with illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. His preliminary hearing on that charge is set for June 26, 2008.

Further investigation produced probable cause to believe that Ramirez is implicated in an unsolved case dating from May 2006. On July 18, 2008, Ramirez was charged by Complaint with Assault on a Federal Officer in violation of 18 U.S.C. § 111. The United States intends to present a witness in that case with a lineup of six individuals including Ramirez. The witness's recollection of the incident in question is that the perpetrator's head was shaved in a "high and tight" military-style "buzz" haircut. The witness also has a recollection of certain words spoken during the incident.

**II.**

A defendant has no right against compelled appearance in a lineup, against alteration of his physical appearance (specifically including the cutting of hair), or against provision of a voice exemplar.

The seminal case is United States v. Wade, 388 U.S. 218 (1967). In Wade, a suspect in a robbery investigation was placed in a lineup in which each member of the lineup was required to alter his appearance consistent with the alleged appearance of the robber, and to utter words of the sort allegedly used by the robber. The defendant moved to suppress, lost, appealed his conviction, and was granted a new trial by the Fifth Circuit on Fifth Amendment grounds. The Supreme Court reversed.

The Court held that the privilege is not implicated, because a person's physical characteristics, such as his appearance and the sound of his voice, are not testimonial evidence, and there is thus no privilege against being compelled to reveal them. In the lineup in Wade, each individual was required to wear "strips of tape such as allegedly worn by the robber," and to say "'put the money in the bag,' the words allegedly uttered by the robber." The Court concluded:

> Neither the lineup itself nor anything shown by this record that Wade was required to do in the lineup violated his privilege against self-incrimination.
> . . .
> We have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. It is no different from compelling Schmerber to provide a blood sample or Holt to wear the blouse, and, as in those instances, is not within the cover of the privilege. Similarly, compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying

> physical characteristic, not to speak his guilt. We held in Schmerber, supra, 384 U.S. at 761, 86 S.Ct. at 1830, that the distinction to be drawn under the Fifth Amendment privilege against self-incrimination is one between an accused's 'communications' in whatever form, vocal or physical, and 'compulsion which makes a suspect or accused the source of 'real or physical evidence," Schmerber, supra, at 764, 86 S.Ct. at 1832. We recognized that 'both federal and state courts have usually held that [the privilege] offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.' Id., at 764, 86 S.Ct. at 1832. None of these activities becomes testimonial within the scope of the privilege because required of the accused in a pretrial lineup.

United States v. Wade, 388 U.S. 218, 220-23 (1967).

The Ninth Circuit, relying on the above-cited caselaw, subsequently approved an order that a defendant shave his beard so as to facilitate a witness's comparison of his facial features with her recollection of the perpetrator's face. The defendant objected on Fifth Amendment grounds, and the Ninth Circuit rejected his claim as "without merit":

> Defendant initially argues this order violated his Fifth Amendment privilege against self-incrimination. The Supreme Court, however, has long maintained that the Fifth Amendment extends only to self-incrimination which is testimonial in nature. The privilege does not prevent a defendant from being required to put on a piece of clothing, Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), to put on a stocking mask, United States v. Roberts, 481 F.2d 892 (5th Cir.1973), to give a blood sample, Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1965), furnish handwriting exemplars, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), to be compelled to walk, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), or to

> wear a false goatee, United States v. Hammond, 419 F.2d 166 (4th Cir.1969). Further, at least three courts have required a defendant to shave for identification purposes. See United States v. Lamb, 575 F.2d 1310 (10th Cir.1978); United States v. Crouch, 478 F.Supp. 867 (E.D.Cal.1979); United States v. O'Neal, 349 F.Supp. 572 (N.D.Ohio 1972). Defendant's Fifth Amendment argument is without merit.

United States. v. Valenzuela, 722 F.2d 1431, 1433 (9th Cir. 1983).[1] Accord United States v. Lumitap, 111 F.3d 81, 84 (9th Cir. 1995) ("It is well-settled that a defendant may be compelled to submit to some form of identification procedure."); United States v. Lamb, 575 F.2d 1310 (10th Cir. 1978) (upholding order to shave beard for identification purposes against Fifth Amendment challenge); United States v. O'Neal, 349 F. Supp. 572 (N.D. Ohio 1972) (ordering defendant to shave prior to lineup); Dove v. State, 423 A.2d 597 (Md. 1980) (approving order requiring defendant to submit to haircut for identification purposes); State v. Byrne, 595 S.W. 2d 301 (Mo. 1979) (approving order requiring defendant to shave for identification purposes); State v. McBain, 569 P.2d 630 (Or. 1977) (approving compulsory restyling of defendant's hair for identification purposes).

III.

Accordingly, the United States requests that this Court order Ramirez produced for appearance in the lineup, and to supply a voice exemplar and submit to a haircut.

---

[1] The Ninth Circuit also rejected the argument that the defendant had an expressive right under the First Amendment to maintain his hair as he chose. Id.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Caleb E. Mason

CALEB E. MASON
Assistant United States Attorney

DATE: July 21, 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SALVADOR RAMIREZ-QUEBEDO,<br>Defendant. | Case No. 08mj2189<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Caleb Mason, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of this Motion, dated July 21, and this Certificate of Service, dated July 21, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**Michelle Bettancourt, Esq.**
**Federal Defenders of San Diego, Inc.**
**225 Broadway, Suite 900**
**San Diego, CA 92101**
*Attorney for defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

/s/ Caleb E. Mason
CALEB E. MASON
Assistant United States Attorney